UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

SHAUN LANOCE,

                                                Plaintiff,

                                                                                        6:13-CV-1140

v.                                                                                   (TJM/TWD)

FRANK MELLACE, COUNTY OF ONEIDA
DISTRICT ATTORNEY SCOTT MCNAMARA,
ONEIDA COUNTY COURT,

                                              Defendants.

_____

APPEARANCES:                                                    OF COUNSEL:

SHAUN LANOCE, 12-B-0096
Plaintiff pro se
Coxsackie Correctional Facility
Box 999
West Coxsackie, NY 12051-0999

THÉRÈSE WILEY DANCKS, United States Magistrate Judge

**ORDER and REPORT-RECOMMENDATION**

      The Clerk has sent this pro se complaint together with two applications to proceed *in forma pauperis* to the Court for review. (Dkt. Nos. 1, 6, and 7.) For the reasons discussed below, I grant Plaintiff's second *in forma pauperis* application (Dkt. No. 7), deny the first *in forma pauperis* application (Dkt. No. 6) as moot, and recommend that the action be dismissed without leave to amend.

**I.     ALLEGATIONS OF THE COMPLAINT**

      Plaintiff alleges that Defendant Frank Mellace served as his criminal defense attorney from approximately June 2011 through 2012. (Dkt. No. 1 at 5.) Plaintiff alleges that Defendant

Mellace referred to Plaintiff with anti-gay epithets and did not approve of homosexual relationships. *Id.* Plaintiff alleges that Defendant Mellace "[t]hreatened me with loads of time if I didn't take a plea" and "[t]old me if I picked a jury trial the D.A. and the people from that area didn't like fags!!" *Id.* Plaintiff alleges that Defendant Mellace did not explain anything to him and "[o]nly made a point of making me accept a plea offer or else promising me 25 years." *Id.* In addition to Defendant Mellace, Plaintiff names Oneida District Attorney Scott McNamara and the Oneida County Court as Defendants. *Id.* at 2. Plaintiff brings this suit under 42 U.S.C. § 1983 (2012) seeking a reduction in his sentence, compensatory damages, and punitive damages. (Dkt. No. 1 at 5.)

## II. PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*

Plaintiff has applied to proceed *in forma pauperis*. (Dkt. No. 7.) A court may grant *in forma pauperis* status if a party "is unable to pay " the standard fee for commencing an action. 28 U.S.C. § 1915(a)(1) (2006). After reviewing Plaintiff's *in forma pauperis* application (Dkt. No. 7), I find that Plaintiff meets this standard. Therefore, Plaintiff's application to proceed *in forma pauperis* is granted.[1]

## III. LEGAL STANDARD FOR INITIAL REVIEW OF COMPLAINT

28 U.S.C. § 1915(e) (2006) directs that when "any person" proceeds *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)

---

[1] Plaintiff should note that although the application to proceed *in forma pauperis* has been granted, Plaintiff will still be required to pay fees that he may incur in this action, including copying and/or witness fees.

2

(2006).

In order to state a claim upon which relief can be granted, a complaint must contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The requirement that a plaintiff "show" that he or she is entitled to relief means that a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is *plausible* on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (emphasis added). "Determining whether a complaint states a plausible claim for relief . . . requires the . . . court to draw on its judicial experience and common sense. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not shown -- that the pleader is entitled to relief." *Id.* at 679 (internal citation and punctuation omitted).

"In reviewing a complaint . . . the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted). Courts are "obligated to construe a *pro se* complaint liberally." *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

When screening a complaint, the court has the duty to show liberality towards pro se litigants. *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam). "[E]xtreme caution should be exercised in ordering sua sponte dismissal of a pro se complaint before the adverse

3

party has been served and [the] parties have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983).

IV. ANALYSIS

  A.  **Claim Against Defendant Mellace**

Plaintiff asserts a claim against Defendant Mellace, his criminal defense attorney, under 42 U.S.C. § 1983 (2012). (Dkt. No. 1 at 4-5.) Section 1983 permits a person to recover damages for the deprivation of constitutional rights "under color of any statute, ordinance, regulation, custom, or usage of any State or Territory." 42 U.S.C. § 1983 (2012). It is well established that criminal defense attorneys, whether private or court-appointed, are not state actors for the purposes of § 1983. *See Housand v. Heiman*, 594 F.2d 923 (2d Cir. 1979); *Rodriguez v. Weprin*, 116 F.3d 62 (2d Cir. 1997); *Fermin v. Moriarty*, No. 96 Civ. 3022 (MBM), 2003 U.S. Dist. LEXIS 13367, 2003 WL 21787351 (S.D.N.Y. Aug. 4, 2003).[2] Because of this lack of state action, Plaintiff's claim against his criminal defense attorney is not cognizable under § 1983. Therefore, I recommend that the Court dismiss Plaintiff's claim against Defendant Mellace.

Where a pro se complaint fails to state a cause of action, the court generally "should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (internal quotation and citation omitted). However, an opportunity to amend is not required where "the problem with [the plaintiff's] causes of action is substantive" such that

---

[2] The Court will provide Plaintiff with a copy of this unpublished decision in accordance with the Second Circuit's decision in *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).

4

"better pleading will not cure it." *Id.* (citation omitted). Here, better pleading would not cure the defect with Plaintiff's claim against Defendant Mellace. Therefore, I recommend that the Court dismiss the claim without leave to amend.

### B. Claim Against Defendant McNamara

Plaintiff lists Scott McNamara, the District Attorney for the County of Oneida, as a Defendant. (Dkt. No. 1 at 2.) "[P]rosecutors are absolutely immune from liability under § 1983 for their conduct in initiating a prosecution and in presenting the State's case. . . ." *Pinaud v. Cnty. of Suffolk*, 52 F.3d 1139, 1147 (2d Cir. 1995) (punctuation and citations omitted); *Dory v. Ryan*, 25 F.3d 81, 83 (2d Cir. 1994) (prosecutorial immunity covers virtually all acts, regardless of motivation, associated with the prosecutor's function, including conspiracies to present false evidence). This immunity applies to individual district attorneys for claims arising out of acts "within the scope of their duties in initiating and pursuing criminal prosecution." *Pinaud,* 52 F.3d at 1147 (punctuation and citations omitted). Here, Plaintiff's claim against Defendant McNamara involves a criminal prosecution against Plaintiff. Therefore, I recommend that the Court dismiss the claim against Defendant McNamara without leave to amend.

### C. Claims Against the Oneida County Court

Plaintiff lists "Oneida County Court" as a Defendant. (Dkt. No. 1 at 2.) 42 U.S.C. § 1983 (2012) creates a cause of action against "[e]very *person*" who, under color of law, violates the plaintiff's rights under the Constitution or federal laws. 42 U.S.C. § 1983 (2012) (emphasis added). Courts are not "persons" for the purposes of § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989) (neither state nor its officials acting in their official capacities are "persons" for the purposes of § 1983); *Zuckerman v. Appellate Div., Second Dep't Supreme*

*Court*, 421 F.2d 625, 626 (2d Cir. 1970) (state court not a "person" within the meaning of § 1983); *Gollomp v. Spitzer*, 568 F.3d 355, 366-67 (2d Cir. 2009) (county court is an "arm of the state"). Thus, Plaintiff cannot state a § 1983 claim against the Oneida County Court. Therefore, I recommend that the Court dismiss the claim against the Oneida County Court without leave to amend.

### D. State Law Claims

Plaintiff asserts state law claims for malicious prosecution and slander. (Dkt. No. 1 at 5-6.) I recommend that the Court decline to exercise supplemental jurisdiction over Plaintiff's state law claims because there is no surviving federal claim. 28 U.S.C. § 1367(c) (2003); *See Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 325 (2d Cir. 2002) (vacating dismissal of state law claims against a defendant where federal claim remained against other defendants).

**WHEREFORE**, it is hereby

**ORDERED** that the second application to proceed *in forma pauperis* (Dkt. No. 7) is **GRANTED**; and it is further

**ORDERED** that the first application to proceed *in forma pauperis* (Dkt. No. 6) is **DENIED AS MOOT**; and it is further

**ORDERED** that the Clerk provide Plaintiff with a copy of *Fermin v. Moriarty*, No. 96 Civ. 3022 (MBM), 2003 U.S. Dist. LEXIS 13367, 2003 WL 21787351 (S.D.N.Y. Aug. 4, 2003); and it is further

**RECOMMENDED** that the complaint (Dkt. No. 1) be dismissed without leave to amend; and it is further

**ORDERED** that the Clerk serve a copy of this Order and Report-Recommendation on

Plaintiff.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1) (Supp. 2013); Fed. R. Civ. P. 72, 6(a).

Dated: November 6, 2013
Syracuse, New York

Therèse Wiley Dancks
United States Magistrate Judge